# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Jacqueline C. Hylton,<br><br>    Debtor,<br>_____<br>CHRISTOPHER LEE PROSSER,<br><br>    Appellant,<br><br>v.<br>JACQUELINE C. HYLTON,<br><br>    Appellee. | No. 4:17CV2773JCH |

## MEMORANDUM AND ORDER

Before the Court is Appellant's Motion to Proceed In Forma Pauperis on Appeal. (ECF 3).

## BACKGROUND

Appellant is a prisoner incarcerated in the Missouri Department of Corrections. On June 9, 2017, he filed a Complaint in the United States Bankruptcy Court for the Eastern District of Missouri seeking a determination that his alleged debt be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), and (6). (Case No. 17-04089, ECF 1). After Appellant failed to appear at the trial set for September 19, 2017, the Bankruptcy Court dismissed Appellant's Complaint,

with prejudice, on September 27, 2017. (Case No. 17-04089, ECF 142-143). On October 23, 2017, Appellant then filed, with the Bankruptcy Court, a Motion seeking to proceed In Forma Pauperis (IFP) on Appeal, which Motion that court denied, on November 6, 2017. (Case No. 17-04089, ECF 170, 176). On November 27, 2017, the Bankruptcy Court gave Appellant notice that he was required to "immediately" pay the filing fee of $298. (Case No. 17-04089, ECF 194). Appellant filed a Notice of Appeal with this Court, on November 27, 2017, and, on December 6, 2017, filed the instant Motion to Proceed IFP on appeal. (ECF 1, 3).

## LEGAL FRAMEWORK

Pursuant to 28 U.S.C. § 1915(a)(1), a prisoner may be permitted to bring an appeal "without prepayment of fees or security therefor," if he submits "an affidavit that includes a statement of all assets such prisoner possesses" and "that the person is unable to pay such fees or give security therefor." Such affidavit "shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to proceed IFP on appeal in a civil action must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the [] notice of appeal." 28 U.S.C. § 1915(a)(2). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not

taken in good faith." 28 U.S.C. § 1915(a)(3). Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing an appeal IFP is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

## DISCUSSION

Upon denying Appellant's Motion to proceed IFP on appeal, the Bankruptcy Court noted, and this Court agrees, it is not clear whether the prisoner provisions of Section 1915 apply to the instant motion to proceed in forma pauperis. *See In re Inman,* 218 B.R. 458, 459 (B.A.P. 8th Cir. 1998) (noting a split in authority on the issue of whether 28 USC § 1915 applies to bankruptcy matters). In any case, as held by the Bankruptcy Appellate Panel of the Eighth Circuit, in *In re Inman,* 218 B.R. at 459, Section 1915 requires that an "applicant [seeking IFP] must

demonstrate an inability to pay and objective good faith in the appeal." (*citing Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982)).

As he did before the Bankruptcy Court, Appellant has filed a copy of his prison account statement, which reflects that he had $110.26 in his account as of September 28, 2017, but Appellant has failed to comply with the requirement of Section 1915(a)(1) that he file an affidavit, stating that he is unable to pay the required "fees or give security therefore." Appellant's prison account statement reflects that he received substantial deposits from outside sources into his prison account, including deposits of $100.00 on September 25, 2017, $135.00 on August 4, 2017, $30.00 on July 21, 2017, $100.00 on July 7, 2017, $50.00 on July 3, 2017, $100.00 on May 6, 2017, $25.00 on April 26, 2017, and $100.00 on April 21, 2017. In addition, Appellant has had regular prison payroll deposits to his prison account.

Accordingly, the Bankruptcy Court held:

> [Appellee] "regularly receives significant cash deposits into his Personal Account from outside sources. [Appellee] clearly has access to funds, through deposits made on his behalf by other persons. He is not genuinely indigent, or without means or access to money. Moreover, as the Account Statement records, [Appellee] regularly makes assorted "kiosk" and "canteen" purchases at the prison. These items presumably would not be necessary for his health and welfare as the [Appellee] already receives his necessary housing, clothing, food, and medical care from the state. Thus, [Appellee's] own evidence shows that [he] chose to use his monies on discretionary purchases, even though he also chose to bring this Adversary Proceeding and incur the related financial obligations. [Appellant's] purported

> "poverty" appears to be self-induced; [Appellee] chose to "run down" his Personal Account through his discretionary spending. IFP relief is not designated to reward a person who chooses to drain away his resources on discretionary spending, while also choosing to prosecute a civil action he filed.

(Case No. 17-04089, ECF 176 at 4).

This Court agrees with the Bankruptcy Court and further finds that Appellant has not demonstrated that his Motion to proceed IFP on appeal is taken in good faith. *See In re Inman,* 218 B.R. at 459. Further, as stated above, it is not clear whether Section 1915 applies to the instant motion to proceed IFP. *See id*. The Court finds, therefore, that Appellant is not entitled to IFP relief under Section 1915, and that his Motion to proceed IFP on appeal should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant's Motion to Proceed In Forma Pauperis on Appeal (ECF 3) is **DENIED**; and

**IT IS FURTHER ORDERED** that Appellant immediately pay the filing fee of $298 to the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri and that Appellant's failure to do so may result in dismissal of his cause of action.

Dated this 12th Day of December 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE